IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Singletary, ) | |
| ) | CIVIL ACTION NO. 9:09-1079-TLW-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Edgefield Police Department, ) | |
| Edgefield County Sheriff's Department, ) | |
| Major Ken Durham and Town of Edgefield, ) | |
| ) | |
| Defendants. ) | |

This action was originally filed by the Plaintiff, pro se, in the South Carolina Court of Common Pleas. The case was subsequently removed to this court by the Defendant Edgefield County's Sheriff's Department on the basis of federal question jurisdiction, the Defendant asserting that the Plaintiff's claims arise under the constitution and laws of the United States.

Defendant Edgefield County Sheriff's Department represented in its Notice of Removal that the co-defendants had consented to removal of the case. These co-defendants (the Edgefield Police Department, Mayor Ken Durham and Town of Edgefield) then filed a motion to dismiss and/or for summary judgment on July 29, 2009. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on July 30, 2009, advising Plaintiff of the importance of a dispositive motion of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby



ending his case.

Plaintiff thereafter filed a memorandum in opposition to the Defendants' motion, with attached exhibits, on August 13, 2009. Plaintiff also filed a "Notice of Intent to Change Venue" on August 17, 2009, asking that the case be transferred to the County of Edgefield (where it was filed) because all of his witnesses "are poor and with limited to no transportation".

The Defendants' motion is now before the Court for disposition.[1]

**Discussion**

As Plaintiff has submitted numerous documents and exhibits as attachments to his response to the Defendants' motion, the Court has considered Defendants' motion under the standards for a Rule 56 motion for summary judgment. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P.

The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Three of the named Defendants have filed a motion to dismiss and/or for summary judgment . As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



2

U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Plaintiff generally alleges in his unverified complaint[2] that the Edgefield Police Department has harassed and discriminated against him since February 2006. Plaintiff specifically names three police officers as having engaged in this conduct, none of whom have been named as Defendants in this case. Plaintiff also alleges that the Defendant Durham is the Mayor of Edgefield, and that he has "ignored my and other African Americans complaint about the police department".[3]

With respect to the Defendant Edgefield Sheriff's Department, Plaintiff alleges that the Sheriff's Department "overlooks the Department of Correction in Edgefield" (apparently referring to the Edgefield County Jail), and that this Defendant committed "cruel and unusual punishment towards [him]" because he was held in the jail for transport to Atlanta, during which he was refused medication and/or proper medical care even though he is a "disabled person". Plaintiff also complains that the Sheriff's Department refused his request to be placed into protective custody after he was assaulted by an inmate, and that he was forced to sleep on a top bunk even though he has epilepsy. Plaintiff's complaint contains no request for relief. See generally, Complaint.

Defendants Edgefield Police Department, Town of Edgefield and Mayor Ken Durham

---

[2] In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). However, Plaintiff has filed an *unverified* Complaint. Therefore, the undersigned has not considered the factual allegations set forth in the unverified Complaint as evidence in issuing a recommendation in this case.

[3] Plaintiff alleges he is an African American.

3

argue in their motion that they are entitled to dismissal of the Plaintiff's complaint because it was filed after expiration of the applicable statute of limitations. These Defendants also assert that the complaint is subject to dismissal because it fails to set forth sufficient factual allegations to comply with Rule 8, Fed.R.Civ.P. In his response, Plaintiff asks that his case be "reinstated"[4] "because my case isn't the only allegation of racial discrimination." Plaintiff asserts in his response that the exhibits he has attached to his memorandum in opposition show that the Edgefield Police Department "harasses and discriminate against almost all minority races in the County of Edgefield."

As a pro se litigant, Plaintiff may not litigate possible claims of other individuals. Cf. Inmates v. Sheriff Owens, 561 F.2d 560, 562-63 (4th Cir. 1977) [one inmate does not have standing to sue on behalf of another inmate]; Hummer v. Dalton, 657 F.2d 621, 625-26 (4th Cir. 1981) [a prisoner cannot act as a "knight-errant" for others]. Therefore, the exhibits Plaintiff has submitted with respect to how other Edgefield residents may have been treated are not properly part of Plaintiff's claim. However, as support for his own claims, Plaintiff has attached a copy of an Incident Report of April 16, 2009 wherein Plaintiff complained that County Attorney Greg Anderson had been "very hostile and cussed at him" when he [Plaintiff] had gone by Anderson's office to pick up some paperwork. See Plaintiff's Exhibit 2. Plaintiff has also submitted a copy of another Incident Report dated March 31, 2009 in which Plaintiff complained that a "Capt. Wash" with the Edgefield County Sheriff's Office had threatened him over the phone the previous day. This Incident Report reflects that Plaintiff complained that Wash was "cursing at him" and telling him he needed to drop a lawsuit he had filed against the Sheriff's Office. See Plaintiff's Exhibit 3.

---

[4]Plaintiff apparently believes that the Court's Roseboro Order was an order dismissing his case.

4

After a review of the materials filed with the Court, the undersigned concludes that Defendants' motion to dismiss this case on statute of limitations grounds should be denied at this time, without prejudice, since Plaintiff has submitted exhibits which indicate that he may at least have some claims which fall within the applicable limitations period. However, a plain reading of Plaintiff's complaint clearly establishes that if fails to comply with the requirements of Rule 8, as it fails to set forth any jurisdictional basis for his claims[5], it does not contain a sufficient statement of Plaintiff's claim to establish that he is entitled to any sort of relief, nor does the Plaintiff include any requested relief in his complaint. Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)["Complaint must contain facts which state a claim as a matter of law and must not be conclusory"]; Neitzke v. Williams, 490 U.S. 319, 322-330 (1989) [under 28 U.S.C. § 1915 a claim is frivolous and may be dismissed where it is presented in a patently insubstantial complaint, petition, or pleading]; see also Humphreys v. Renner, No. 94-2071, 1996 WL 88804 (N.D. Cal., February 26, 1996) [When a plaintiff fails to ask for relief, a federal district court "is faced with the prospect of rendering an advisory opinion; federal courts may not render advisory opinions,"] *following* FCC v. Pacifica Foundation, 438 U.S. 726, 735 (1978)("[F]ederal courts have never been empowered to issue advisory opinions."); see Herb v. Pitcairn, 324 U.S. 117, 126 (1945)("We are not permitted to render an advisory opinion[.]"). In light of Plaintiff's pro se status, however, rather than dismissal of this action because of these defects, Plaintiff should be granted an opportunity to cure the defects in his pleadings. Defendants' motion to dismiss on this basis should therefore also be denied at this time.

---

[5]Indeed, it is not even clear that Plaintiff is asserting any federal claims in this lawsuit, notwithstanding the Defendant Edgefield County Sheriff's Department removal of this case on the basis of federal question jurisdiction.



## Conclusion

Based on the foregoing, it is recommended that the Plaintiff be granted twenty (20) days from the date of any Order of the Court adopting this Report and Recommendation to file an Amended Complaint with the Court that is compliance with Rule 8, Fed.R.Civ.P. Plaintiff's Amended Complaint should specifically set forth the jurisdictional basis for his claims (i.e., it should either set forth that Plaintiff is pursing his claim(s) under state law, or if under federal law, what those federal laws are), he should set forth *specific* factual allegations setting forth his claims, including the dates on which the events giving rise to his claims occurred, and he should set forth the specific relief he is requesting in his lawsuit.[6] See generally, Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996)["While the pleading standard is a liberal one, bald assertions and conclusions of law" are not sufficient to avoid dismissal of a complaint for failure to state a proper claim.]. Further, in filing his Amended Complaint, Plaintiff is cautioned that the general statute of limitations for personal injury claims in South Carolina (and which also applies to federal claims asserted under 42 U.S.C. § 1983) is three (3) years. See S. C. Code Ann. § 15-3-530(5); see also Huffman v. Tuten, 446 F.Supp.2d 455 (D.S.C. 2006). Also, if pursuing a federal claim under § 1983, the Defendant Edgefield Sheriff's Department is not a proper party Defendant under that statute. Dean v. Barber, 951 F.2d 1210, 1215 n. 4 (11th Cir. 1992)[a county sheriff's department was not a proper defendant in a § 1983 action because state law did not allow it to be sued]; Snead v. Alleghany Sheriff Dep't, No. _____, 2009 WL 2003399 at * 1 (W.D.Va. July 7, 2009)["Because Eleventh Amendment immunity extends to [ ] Sheriff's Department, [Plaintiff] has not stated a proper Defendant for §1983

---

[6]Plaintiff is also cautioned that in order for his allegations in an Amended Complaint to be considered in opposition to a motion to dismiss and/or for summary judgment, he will need to verify his Amended Complaint. See Williams, 952 F.2d at 823.

6



purposes."]; see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)["Local governments 'cannot be held liable under § 1983 on a respondent superior theory.'"]; Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 99 (1984); Will v. Michigan Dep't of State Police, 491 U.S. 58, 66, 71 (1989); Brooks-McCollum v. Delaware, 213 Fed.Appx. 92, 94 (3rd Cir. 2007); Metz v. Supreme Court of Ohio, 46 Fed.Appx. 228, 236-237 (6th Cir. 2002); see also Coffin v. South Carolina Dep't of Social Services, 562 F.Supp. 579, 583-585 (D.S.C. 1983); Belcher v. South Carolina Board of Corrections, 460 F.Supp. 805, 808-809 (D.S.C. 1978).

If Plaintiff fails to submit an Amended Complaint as instructed herein within the time frame ordered by the Court, then in that event this case should be **dismissed**, with prejudice. If, however, Plaintiff does comply with the Court's directive and timely files an amended complaint, the Defendants may then respond to the amended complaint as provided by Rule.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

September 22, 2009

Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 2940

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



8