IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| William Singletary, | ) | |
|---|---|---|
| | ) | CIVIL ACTION NO. 9:09-1079-TLW-BM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Edgefield Police Department; | ) | |
| Edgefield County Sheriff's Department; | ) | |
| Major Ken Durham; Town of Edgefield; | ) | |
| Ronald Carter, Chief of Police; Adell | ) | |
| Dolbey, Sheriff of Edgefield County; | ) | |
| Edgefield Detention Center; South Carolina | ) | |
| Law Enforcement Division, Reginald I. | ) | |
| Lloyd, Director; Major Paul Grant, SLED; | ) | |
| Chris Wash, Captain; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action was originally filed by the Plaintiff, pro se, in the South Carolina Court of Common Pleas. The case was subsequently removed to this court by the Defendant Edgefield County's Sheriff's Department on the basis of federal question jurisdiction, this Defendant asserting that Plaintiff's claims arise under the constitution and laws of the United States.

Defendant Edgefield County Sheriff's Department represented in its Notice of Removal that the co-defendants[1] consented to removal of the case. These co-defendants (the Edgefield Police Department, Mayor Ken Durham and Town of Edgefield) then filed a motion to dismiss and/or for summary judgment on July 29, 2009. As the Plaintiff is proceeding pro se, a

---

[1] At that time, the co-defendants in the case were the Edgefield Police Department, Major Ken Durham, and the Town of Edgefield.



Roseboro order was entered by the Court on July 30, 2009, advising Plaintiff of the importance of a dispositive motion of the need for him to file an adequate response. Plaintiff thereafter filed a memorandum in opposition to the Defendants' motion, with attached exhibits, on August 13, 2009.

In a Report and Recommendation entered September 22, 2009, it was recommended that the Defendants' motion to dismiss be denied at that time, and that Plaintiff be granted twenty days from the date of any order of the Court adopting the Report and Recommendation to file an amended complaint that was in compliance with Rule 8, Fed.R.Civ.P. The Defendants were to then respond to the amended complaint as provided by Rule. It was further recommended that if Plaintiff failed to submit an amended complaint as instructed within the time frame ordered by the Court, then in that event this case should be dismissed with prejudice.

On October 13, 2009, Plaintiff filed what was purported to be an amended complaint, with exhibits, in which Plaintiff stated that, since the filing of the original complaint, he had become aware of certain facts not known to him at the time, and that he now wished to amend his original complaint. It was not clear if this document was supposed to have been in response to the Report and Recommendation, although it was docketed by the Clerk as a "Reply". The Defendants moved to strike Plaintiff's purported amended complaint, which was denied in an Order filed November 19, 2009. That Order stated that the proposed amended complaint had been submitted as a response to the Report and Recommendation, and that as such it could be considered by the District Judge in his review of that Report and Recommendation.

In an Order filed December 6, 2009, the Honorable Terry L. Wooten, United States District Judge, adopted the Report and Recommendation. That Order specifically noted that Plaintiff was not required to file any amended complaint until 20 days from the date of any order of the Court



adopting the Report and Recommendation, and Plaintiff was therefore given 20 days from the date of that Order to file an amended complaint in compliance with Rule 8, Fed.R.Civ.P. Plaintiff failed to comply with this Order; however, and on January 14, 2010, the Defendants Durham, Edgefield Police Department, and Town of Edgefield filed a motion to dismiss pursuant to Rules 12 and/or 41, Fed.R.Civ.P., noting the case history outlined hereinabove and seeking dismissal based on Plaintiff's failure to abide by the explicit and unambiguous orders of this Court. A <u>Roseboro</u> order was entered on January 19, 2010, following which Plaintiff filed a response in opposition on January 19, 2010.

On January 28, 2010, Judge Wooten entered an Order noting that Plaintiff's twenty (20) days to file an amended complaint had passed and remanding the case to the undersigned for disposition. On that same day, the Defendants Durham, Edgefield County Sheriff's Department, Edgefield Police Department, and Town of Edgefield filed a motion for summary judgment, following which another <u>Roseboro</u> order was entered on February 2, 2010. Plaintiff then filed two documents which could have been considered as being a response to the pending motions. The first was a letter filed February 4, 2010, in which Plaintiff stated that he was confused as to whether or not he was supposed to file another amended complaint. In a second filing of February 5, 2010, Plaintiff asked for an extension of time to file a "proper" amended complaint. Attached to that document was a copy of the amended complaint Plaintiff had filed on October 13, 2009. Plaintiff also filed yet another request for more time on February 12, 2010, seeking another sixty (60) days to file an additional response.

Defendants argued in both their motions to dismiss and/or motion for summary judgment that this case should be dismissed for failure of the Plaintiff to comply with the directives of the Court. Defendants also asserted in the motion for summary judgment that they were entitled

3



to summary judgment on several grounds, many of which were stated deficiencies Plaintiff was to have addressed by filing an amended complaint in compliance with Rule 8.

In a Report and Recommendation filed February 17, 2010, it was recommended that the Defendants' motions to dismiss and/or for summary judgment be granted, and that this case be dismissed. Plaintiff filed objections to the Report and Recommendation, and on March 31, 2010, Judge Wooten entered an Order giving the Plaintiff one more opportunity to file a complaint that complied with the Federal Rules of Civil Procedure. Plaintiff was instructed to file an amended complaint within twenty (20) days, with the Order further providing that if no filing was made within twenty (20) days, the case would be dismissed pursuant to Rule 41(b), Fed.R.Civ.P., for failure to comply with the court's orders. If, however, an amended complaint was filed, the undersigned was to consider whether it complied with Rule 8. Plaintiff thereafter filed an amended complaint on April 19, 2010, and the case was recommitted to the undersigned.

In addition to the previously named Defendants, Plaintiff's amended complaint added several new Defendants. On April 30, 2010, the Defendants Ronald Carter (new), Durham, Edgefield Police Department, and Town of Edgefield filed a third motion to dismiss, following which another <u>Roseboro</u> Order was issued on May 3, 2010. The Defendants Adell Dolbey (new), Edgefield County Sheriff's Department, and Chris Wash (new) filed a motion to dismiss on May 3, 2010, following which yet another <u>Roseboro</u> Order was issued on May 4, 2010. Plaintiff filed a response in opposition to these motions to dismiss on May 13, 2010, and has also filed copies of several letters with the Court since then wherein he discusses how he is being persecuted by some or all the Defendants.

4



These latest motions to dismiss are now before the Court for disposition.[2]

### **Plaintiff's Amended Complaint**

Plaintiff's complaint is in narrative form. Plaintiff, an African American, alleges that he "came" to Edgefield in February 2006 from Atlanta, Georgia, moving into a house at 214 Peachtree Street which he shared with James Gilchrist. Plaintiff alleges that he soon noticed that police officers would stop African American males on the street and give them "the third degree" as they were going about their business, sometimes using the word "boy". Plaintiff alleges that he and Gilchrist were pulled over several times for such things as not signaling a lane change or for a random police check, particularly when they would ride through a predominantly white neighborhood. Plaintiff further alleges that since the original filing of this lawsuit he has been detained by Edgefield Police Officers "without cause".

Plaintiff alleges that the majority of times he and/or Gilchrist were pulled over, it was by Edgefield Police Officers Michael Butts and James Densmore (neither of whom are named as Defendants in this case). Plaintiff alleges that these two officers pulled him over at least eight to ten times between February 2006 and December 2006. Plaintiff also alleges that his house was subjected to arson by a Mr. Donnie Allen Clarke, a "young white man". Plaintiff further alleges, however, that he filed a police report stating that Clarke was a personal friend of his and that he believed the fire was an accident. Plaintiff alleges that he then subsequently amended his report and that the Defendant Ronald Carter, Chief of Police, promised to reinstate an investigation of the arson.

---

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Three of the named Defendants have filed a motion to dismiss and/or for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



Plaintiff alleges that Carter told him that he was going to bring Clarke in and ask him to take a lie detector test, and that if Clarke failed he would be arrested and charged. Plaintiff alleges, however, that Clarke was not brought in for questioning or charged for setting fire to his house, which he [Plaintiff] "took as discrimination towards me." Plaintiff then goes on to allege, however, he believes the Police Department did not bring Clarke in because his sister told Plaintiff that Clarke's mother was a personal friend of Chief Carter and a "Lt. Cockrell".

Plaintiff alleges that on December 7, 2008, he was at the Edgefield Hospital for medical treatment when Officer Butts came to the hospital after he had been discharged and harassed him and told him that he could not receive medical treatment at the hospital and had to leave because the hospital wanted him out. Plaintiff alleges that he spoke to the hospital administrator, who denied that they had called the police to remove him. Plaintiff alleges that he subsequently received a phone call on March 30, 2009, from the Defendant Wash of the "Edgefield Sheriff's Office", and "was threatened without being threatened depending on your interpretation of a threat." Adding to this confusing statement, Plaintiff alleges that he was told by Wash that Sheriff Adell Dolbey asked him to give Plaintiff a call concerning a team of sheriff and Edgefield police officers coming to Plaintiff's house around 2:30 to 3:00 in the morning. Plaintiff alleges that the officers were inspecting his property for an accident victim, and that Wash told him he needed to drop his lawsuit against the Sheriff's Department "because I live around too many trees to be causing trouble for anyone." Plaintiff alleges that he interpreted this comment to mean that if he did not drop his lawsuit he would be hung up in a tree.

Plaintiff also alleges that he has been receiving "life threatening phone calls" since he filed his lawsuit against the Edgefield Police and the Sheriff's Department, and that on March 30,



2009, Officers broke into his property without a search warrant when they were looking for someone, although it is not clear who (apparently an accident victim).

Plaintiff also alleges that at some point he was arrested and held at the Edgefield Detention Center on a warrant out of Atlanta (apparently around April 4, 2007), during which he was subjected to violations of his civil rights which "demeaned his character as an individual". Plaintiff complains about the conditions at the jail, including overcrowding and unsanitary conditions. Plaintiff also alleges that he has several medical ailments, including epilepsy, but that when he gave the jailer a list of his medications the Deputy told him that he did not know "what can be done about that." Plaintiff further alleges that he suffers from manic depression, but when he asked to be psychologically seen, he was refused. Plaintiff also complains that he requested diabetic meals, but did not receive them.

Plaintiff alleges that his first night in the jail, he was assigned to a top bunk even though the Deputy knew he had epilepsy, and that that night he had a seizure and injured his head, back and side on the concrete floor when he fell. Plaintiff alleges that following this incident he did not receive any medical attention, and was only given an extra towel. Plaintiff alleges that the Edgefield Sheriff's Department controls the Edgefield Detention Center, and is responsible for the conditions there.

Plaintiff further alleges that he was constantly threatened and harassed because he is a known homosexual, and that some sexual advances were made towards him, but that when he informed the deputies on staff he was ignored. Plaintiff alleges that he was then viciously assaulted by his cell mate because he refused to perform a sex act, but the deputies did not come to his cell for about fifteen to twenty minutes after the assault. Plaintiff alleges that when the Deputy came to the



cell, his face was bloodied and he was holding a rag to his nose. Plaintiff alleges that he asked to be placed in protective custody, but that his request was denied, and that he was also denied medical attention for his wounds. Plaintiff alleges that he was then removed from that cell, but was then placed in another cell rather than being placed in protective custody. Plaintiff also alleges that he was not taken to the infirmary.

Plaintiff also alleges that the officers of the Edgefield Police Department and Sheriff's Department harassed and discriminated against him because of his race, naming four officers (Butts, Densmore, Cockrell, Lott, none of whom are named Defendants) as having singled him out on numerous occasions. Plaintiff alleges that he has written over thirty-five (35) letters to Carter and eleven (11) letters to Durham with respect to this issue. Plaintiff further alleges that Durham and the Edgefield Police Department "takes away all public access to public recreation from Minorities and restricts them only from African Americans but allows all the white citizens overall freedom and use of the Soccer Field, Baseball Field, Gym, and any public field in Edgefield and when an Minority wants to use the field to play Football, Dodge ball or just relax on it [,] they are told that it is Private property, threatened to be fined or arrested." No specifics with respect to this claim are provided. Plaintiff also alleges that the had a shotgun pointed at him by a white female after he had gone to a Mark Meadow's house to pick him up. Plaintiff alleges that Magistrate Court Judge Davis Parkman sided with the "white family", saying that they had "the right to shoot and kill me because I was in their house . . . ." Plaintiff also says the Judge denied him a restraining order.

Plaintiff alleges that the South Carolina Law Enforcement Division (SLED) is responsible for ignoring all minorities complaints that have come to them from the African American population of Edgefield County, and that even though he has written to SLED for assistance and



called them over a dozen times, he was "Disrespected" by the Defendant Major Paul Grant who told him not to call SLED anymore to ask for assistance. Plaintiff alleges that Grant told him that it would take the Mayor or the Police Chief or the District Attorney's Office to request such an investigation, but that even though he wrote to all of the above his requests for an investigation were ignored.

Plaintiff seeks monetary damages, as well as certain injunctive and/or declaratory relief. See generally, Plaintiff's Amended Complaint. Plaintiff has attached as an Exhibit to his complaint a copy of an Incident Report dated April 4, 2010, and a response to an inquiry he made concerning this Incident Report from Mayor Ken Durham dated March 2, 2010.

## Discussion

The Defendants Dolbey, Wash, and Edgefield Sheriff's Department assert in their motion to dismiss that Plaintiff's complaint does not comply with Rule 8, Fed.R.Civ.P., and that Plaintiff has also included in this complaint an improper amendment of parties. The Defendants Edgefield Police Department, Carter, Durham, and Town of Edgefield assert in their motion to dismiss that Plaintiff's amended complaint fails to comply with Rule 8, and that Plaintiff has again failed to set forth a jurisdictional basis for his claims, including specifically whether or not he is pursuing federal claims, state claims, or both, despite numerous warnings and instructions from the Court to do so.

### Jurisdictional Basis for Claims

In his response to the Defendants' motion to dismiss, Plaintiff states that the allegations of his complaint are designed to show how the Defendants' conduct "was racial motivated . . . ." Therefore, even though the Defendants are correct that Plaintiff has again failed

9



to specifically set forth any jurisdictional basis for his claims in his amended complaint, giving Plaintiff's pro se complaint the liberal construction to which it is entitled, the undersigned finds that Plaintiff is asserting a claim under 42 U.S.C. § 1983 for violation of his constitutional rights.

As Plaintiff otherwise failed to comply with the instructions given to him by this Court to set forth a jurisdictional basis for his claims, **no other claims will be considered as having been asserted in the amended complaint.**[3]

## Proper Party Defendants

In order to maintain a claim under § 1983, Plaintiff must show, in part, that a named Defendant deprived him of a federal right. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1999) ["liability...must be based on the personal involvement of the defendant"], cert. denied, 522 U.S. 1154 (1999); Wilson v. Cooper, 922 F.Supp. 1286, 1293 (N.D.Ill. 1996); Horton v. Marovich, 925 F.Supp. 540 (N.D.Ill. 1996) ["Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right"]. In evaluating Plaintiff's allegations pursuant to this standard, it is readily apparent that several of the Defendants named by the Plaintiff are entitled to summary dismissal.

First, the Edgefield County Sheriff's Department is not a proper party Defendant in

---

[3] In addition to only considering Plaintiff's claims as having been asserted under § 1983, given the procedural history of this case, in the event Plaintiff later moves, either in response to this Report and Recommendation or at a subsequent date, to include additional federal claims and/or separate state law claims, those claims will be recommended for dismissal based on failure of the Plaintiff to comply with court orders and as constituting an abuse of process. See Whatley v. South Carolina Dep't of Public Safety, No. 05-42, 2007 WL 120848 at * 13 (D.S.C. Jan. 10, 2007); cf. In re Ronsdorf, 53 Fed.Appx. 692 (4th Cir. Jan. 3, 2003).



a § 1983 lawsuit. Dean v. Barber, 951 F.2d 1210, 1215 n. 4 (11th Cir. 1992)[a county sheriff's department is not a proper defendant in a § 1983 action because state law did not allow it to be sued]; Snead v. Alleghany Sheriff Dep't, No. 09-198, 2009 WL 2003399 at * 1 (W.D.Va. July 7, 2009)["Because Eleventh Amendment immunity extends to [ ] Sheriff's Department, [Plaintiff] has not stated a proper Defendant for §1983 purposes."]. As a state agency, the South Carolina Law Enforcement Division (SLED) is also entitled to summary dismissal. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 99 (1984); Will v Michigan Dep't of State Police, 491 U.S. 58, 66, 71 (1989); Brooks-McCollum v. Delaware, 213 Fed.Appx. 92, 94 (rd Cir. 2007); Metz v. Supreme Court of Ohio, 45 Fed.Appx. 228, 236, 237 (6th Cir. 2002); see also Coffin v. South Carolina Dep't of Social Services, 562 F.Supp. 579, 583-585 (D.S.C. 1983); Belcher v. South Carolina Board of Corrections, 460 F.Supp. 805, 808-809 (D.S.C. 1978). Additionally, the Edgefield Detention Center is not an entity subject to suit in a § 1983 lawsuit. See generally Tyler v. Sullivan, No. 95-1232, 1996 WL 195295 at **1 (10th Cir. Apr. 22, 1996) ["The [district] court dismissed the detention facility as a defendant, finding that the facility, a building owned and operated by the county, is not a person or legally created entity capable of being sued."]; Preval v. Reno, 57 F. Supp.2d 307, 310 (E.D. Va. 1999) ["[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."] aff'd in part, modified in part on other grounds, vacated in part on other grounds, 203 F.3d 821 (4th Cir. 2000); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ["Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."]. Therefore, all of these entities should be dismissed as party Defendants.

The remaining natural Defendants, as public officials, are all subject to suit for



damages under § 1983 in their individual capacities; Gomez, 446 U.S. at 640; Inmates v. Owens, 561 F.2d 560 (4th Cir. 1977); as well as for injunctive and/or declaratory relief in their official capacities. Will, 491 U.S. at 71 n. 10; Wolfel v. Morris, 972 F.2d 712, 718-719 (6th Cir. 1992). The Edgefield Police Department and the Town of Edgefield may also be subject to suit under § 1983. Dotson v. Chester, 937 F.2d 920, 923-924 (4th Cir. 1991)[Local governmental entities may be sued under § 1983].

However, the Police Department and/or the Town of Edgefield may be liable under § 1983 only if "the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Social Servs., 436 U.S. 658, 690-691 (1978). There is no governmental liability under § 1983 merely because it employs a tortfeasor. Therefore, a town or town police department may only be liable for damages when the execution of a policy or custom results in the alleged injury. Id. at 694; Spell v. McDaniel, 824 F.2d 1380 (4th Cir. 1987), cert. denied, 484 U.S. 1027 (1988).

**Sufficiency of Claims**

Having established which Defendants may be subject to suit under Plaintiff's claims, the Court must turn to whether Plaintiff has sufficiently pled his claims to survive a Rule 12 motion to dismiss. When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se



litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); and as the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

It is readily apparent that Plaintiff's present Complaint suffers from many of the same infirmities and his previous attempts. Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." However, as before, Plaintiff continues to present a hodgepodge of factual assertions in a rambling, single spaced, letter format which contains numerous general and conclusory allegations, observations, and assertions. Hence, even crediting Plaintiff with having filed a complaint for racial discrimination under § 1983, most of the text of the amended complaint does not comply with Rule 8, and is not therefore sufficient to withstand the Defendants' motions to dismiss. See Rule 8(a), (d)(1), Fed.R.Civ.P.; see also Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)["Complaint must contain facts which state a claim as a matter of law and must not be conclusory"]; Neitzke v. Williams, 490 U.S. 319, 322-330 (1989) [under 28 U.S.C. § 1915 a claim is frivolous and may be dismissed where it is presented in a patently insubstantial complaint, petition, or pleading]. Plaintiff's allegations that he was harassed and threatened by police officers are so disjointed, conclusory and lacking in specifics that they fail to approach the level of factual allegations necessary to proceed with these claims. Iqbal, 129 S.Ct. at 1950 ["[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' that the



pleader is entitled to relief"]; Midgal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001)["The presence [ ] of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion"], quoting Young v. City of Mount Ranier, 238 F.3d 567 (4th Cir. 2001)[Internal quotation marks omitted]; see generally, Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996)["While the pleading standard is a liberal one, bald assertions and conclusions of law" are not sufficient to avoid dismissal of a complaint for failure to state a proper claim.]; Hagebush v. United States, 657 F.Supp. 675, 677 (D.Neb. 1986)["[P]ro se pleadings may not be merely conclusory; the complaint must allege facts which, if true, state a claim as a matter of law"]; Johnson v. Reno Police Chief, 718 F.Supp. 36, 38 (D.Nd. 1989)[Even a pro se plaintiff may not rely wholly on conclusory allegations, but rather must allege facts which, if proven would entitle the plaintiff to relief"]; Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"]. It is also worth noting that Plaintiff attributes almost all of the conduct of which he complains when making these allegations to individuals who are not named as Defendants in this lawsuit.

Plaintiff's general and conclusory allegations that officials with SLED refused to launch an investigation or provide him with assistance, and that they "Disrespected" him, similarly fail to state a claim, as do his allegations setting forth his apparent dissatisfaction with the way a court proceeding was handled by a County Magistrate (who, even if he had been named as a Defendant, would be entitled to judicial immunity). See Papasan v. Allain, 478 U.S. 265, 286 (1986) [Courts need not assume the truth of legal conclusions couched as factual allegations]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987)["Even though pro se litigants are held to



less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]. As for Plaintiff's complaint that the Defendant Carter refused to charge a man with committing arson, the Defendants correctly note that Plaintiff lacks a judicially cognizable interest in the prosecution or non-prosecution of another. Linda, R. S. v. Richard, D., 410 U.S. 614, 619 (1973); Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990)["No citizen has an enforceable right to institute a criminal prosecution"]. Further, Plaintiff's assertion (assuming this to be what Plaintiff intended to assert) that the reason Carter refused to prosecute Clarke was because Plaintiff is black and Clarke is white is undercut by his own allegation that he believes that Carter did not pursue the matter because Clarke's mother was a personal friend of Carter. Such an allegation, even if true, has nothing to do with race or race discrimination.

Since all of these claims are subject to dismissal, all of the Defendants associated with these claims are also entitled to dismissal as party Defendants. See Gomez, 446 U.S. at 640 (1980) [In order to maintain a claim under § 1983, a plaintiff must show, in part, that a named Defendant deprived him or her of a federal right.]. These Defendants include the Defendants Edgefield Police Department, Town of Edgefield, Police Chief Ronald Carter, Mayor Ken Durham, Captain Chris Wash, Major Paul Grant, and SLED Director Reginald Lloyd.

The remainder of Plaintiff's allegations relate to his confinement at the Edgefield Detention Center, which he alleges is run by the Edgefield Sheriff's Department. With respect to his incarceration at the Edgefield Detention Center, Plaintiff alleges that he informed the intake deputy of his medical conditions and identified the doctors who were treating him, as well as also providing a list of his medications. Plaintiff alleges that he specifically asked for the seizure medication he was taking for his epilepsy, but the intake deputy just laughed and said "Well I don't



know what can be done about that." Plaintiff then alleges that later that night, after being assigned to a top bunk even though the jail knew that he was epileptic, he had a seizure and injured his head, back and side on the concrete floor when he fell. Plaintiff alleges, however, that he was provided with no medical attention. This incident occurred during April 2007. Plaintiff further alleges that the Detention Center did not have any medical personnel available, and that he was denied medical attention even though he informed the Deputy that he was having an OAR, which meant that he was about to have a seizure.

Plaintiff also alleges that it is well known that he is a homosexual, and that after he was placed in the jail he was "constantly threatened and harassed, and sexual advances were made towards him", but that when he informed the deputies on staff he was ignored. Plaintiff alleges that he was subsequently assaulted in his cell by his roommate when he refused to perform a sex act on the roommate, and that following this assault he was not provided with medical attention. Plaintiff further alleges that instead of being placed in protective custody he was simply placed in another cell with some new roommates. Finally, Plaintiff alleges that he is a diabetic, and that even though he requested diabetic meals, he never received such meals, instead being provided with "starchy, over processed" food which was not in compliance with a diabetic diet.

These allegations about the conditions of his confinement while at the jail are sufficient to state a claim under § 1983. See Pruitt v. Moore, No. 02-395, 2003 WL 23851094, at * 9 (D.S.C. Jul. 7, 2003)[Deliberate or callous indifference on the part of prison officials to a specific known risk of harm states an Eighth Amendment claim], cert. denied, 2004 WL 232748 (4th Cir. 2004); Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. Mar. 11, 1997)["A defendant acts with deliberate indifference . . . if he or she 'knows of and disregards' an



excessive risk to inmate health or safety]. However, the Defendant Cash, although apparently a Sheriff's Deputy, is not alleged to have had any involvement with the conditions of Plaintiff's confinement while at the jail. Therefore, that Defendant has already been recommended for dismissal. See discussion, supra. The only remaining Defendant is the Defendant Adell Dolbey, Sheriff of Edgefield County. However, Plaintiff has also failed to include any allegations that Dolbey played any role in failing to provide him with medications or medical care, failing to place him into protective custody, or failure to provide him with the proper diet. Indeed, Plaintiff makes no allegations that Dolbey knew anything about any of these alleged decisions, incidents or activities whatsoever. Rather, Plaintiff simply alleges that "[t]he Edgefield Sheriff Department who is in control of the Edgefield Detention Center is responsible [for] every inmate incarcerated within those walls." Plaintiff's Amended Complaint, at p. 5.

Although Sheriff Dolbey can be liable for damages in his individual capacity in a § 1983 suit, the doctrine of vicarious liability and the doctrine of respondeat superior are not applicable in § 1983 actions. Vinnedge v. Gibbs, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir. 1977). Therefore, unless Plaintiff alleges specific wrongdoing on the part of Dolbey or that the conduct complained of was the result of a policy or custom approved by Dolbey, the Sheriff may not be held liable for the acts of others. Monell, 436 U.S. at 694; Wetherington v. Phillips, 380 F.Supp. 426, 428-429 (E.D.N.C. 1974), aff'd, 526 F.2d 591 (4th Cir. 1975); cf. Joyner v. Abbott Laboratories, 674 F.Supp. 185, 191 (E.D.N.C. 1987); Stubby v. Hunter, 806 F.Supp. 81, 82-83 (D.S.C. 1992). Plaintiff has failed to assert any factual allegations to show any specific wrongdoing on the part of Sheriff Dolbey. Barren, 152 F.3d at 1194 ["liability...must be based on the personal involvement of the defendant"], cert. denied, 522 U.S. 1154 (1999); Horton, 925



F.Supp. at 540 ["Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right"].  Therefore, Sheriff Dolbey is entitled to dismissal as a party Defendant for any claim for damages.

Further, as Plaintiff is no longer incarcerated at the Detention Center, to the extent Plaintiff could otherwise have maintained a claim against Sheriff Dolbey in his official capacity for declaratory and/or injunctive relief, any such claims would now be moot.  <u>Taggart v. Oklahoma</u>, 74 Fed.Appx. 880, 882 (10th Cir. 2003)[inmate's claims concerning his medical needs against prison officials for injunctive relief were rendered moot by his release]; <u>LaFlame v. Montgomery County Sheriff's Dep't.</u>, 3 Fed.Appx. 346 at * * 1 (6th Cir. Jan. 31, 2003)[same].  Therefore, Dolbey is entitled to dismissal as a party Defendant.

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' motions to dismiss be **granted**, and that this case be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 3, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 2940

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

